UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

KEITH HAYWOOD

             Plaintiff,

    -against-

CITY OF NEW YORK, in its official
Capacity, MICHAEL LATUNJI, Medical
Admin. for OBCC New York City Health
Services, BOB BARKER, CO.,

             Defendants.
--------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 21, 2014
```

12 Civ. 6566 (PAC)(KNF)

OPINION & ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* plaintiff Keith Haywood, presently incarcerated in a New York State correctional facility, complains of his treatment while being processed at Rikers Island in November 2001 for violating his parole. Haywood claims to have been subjected to many violations of his rights, including a public strip search, but the issue here is a more pedestrian matter: during Haywood's processing, he had to give up his orthopedic boots and received in return "an extremely very cheap pair of black canvas sneakers that had no arch supports in them at all." (Compl. ¶ 10, 11.) Defendant Latunji allegedly failed to address Haywood's request that his orthopedic boots be returned, or that he be given appropriate footwear to address the condition of his feet. Haywood also sues Bob Barker, Co. for defective design of the sneakers Haywood received at Rikers Island. Based on these allegations, Haywood claims that Latunji was deliberately indifferent to his medical needs and further that he was negligent with respect to Haywood's request for medical treatment in violation of 42 U.S.C. § 1983.

Magistrate Judge Fox found that Latunji had been served by a U.S. Marshal on November 23, 2012 and his answer was due on December 14, 2012.[1] He did not timely answer. At a conference held on January 29, 2013, Magistrate Judge Fox told the City attorney that Latunji had not answered. The City noted that Latunji might not be a City employee, but acknowledged that he could be in default. The City never moved to cure the default, but on February 28, 2013, the City filed an amended answer in which it purported to answer on Latunji's behalf.

After the conference, Haywood filed a Rule 55 motion to enter a default judgment against Latunji in the amount of $30,000. On October 28, 2013, Magistrate Judge Fox issued a Report and Recommendation ("R&R") recommending that (1) the Clerk of Court enter default against Defendant, and (2) Defendant should be directed to show cause why a default judgment should not be entered against him. *See Haywood v. City of New York*, 12 Civ. 6566, 2013 WL 5863590 (S.D.N.Y. Oct. 28, 2013). Magistrate Judge Fox did not make any recommendation regarding whether a default *judgment* should be entered against Defendant. Defendant duly filed objections to the R&R on November 19, 2013.

Upon review of Magistrate Judge Fox's R&R and Defendant's objections, the Court herein adopts the R&R. The Clerk of Court is directed to enter default against Defendant. In light of the objections, however, the Court finds good cause to set aside the entry of default, and the Court does so pursuant to Rule 55(c).

---

[1] Latunji is apparently not a City employee, but rather an employee of Corizon: a private health care provider used by the City to provide health care services at Riker's Island. As such, the parties dispute whether service on the City's Department of Correction officers was good service on Latunji.

## DISCUSSION

### I. STANDARDS OF REVIEW

#### A. Review of Magistrate Judge Fox's Report and Recommendation

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). When a timely objection has been made, the court is required to review the contested portions *de novo. Pizzaro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The court, however, "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000). Moreover, "[w]hen a party makes only conclusory or general objections . . . the [c]ourt will review the Report strictly for clear error . . . . Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (citations omitted).

#### B. Default Judgment

When a defendant fails to answer or otherwise defend with respect to a Complaint, the clerk of court is to enter a default, upon Plaintiff's request. Fed. R. Civ. P. 55(a). This is distinct from the step of entering a default judgment, which occurs after an entry of default. *See City of New York v. Mickalis Pawn Shop*, LLC, 645 F.3d 114, 128 (2d Cir. 2011). Subsequently, "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c).

"The test under Rule 55(c) for setting aside a default is more lenient than the test under Rule 60(b) for setting aside a default judgment." *Broder v. Charles Pfizer & Company*, 54 F.R.D. 583, 583 (S.D.N.Y. 1971). In determining whether to set aside an entry of default, the

3

Court must consider three factors: (i) whether Defendant's default was willful; (ii) whether Plaintiff would be prejudiced by vacatur of the default entry; and (iii) whether Defendant has a meritorious defense to the action. *In re Men's Sportswear, Inc.,* 834 F.2d 1134, 1138 (2d Cir. 1987). Courts should resolve any doubt about setting aside a default entry in favor of the party moving to vacate, so that the matter may be decided on the merits. *Traguth v. Zuck,* 710 F.2d 90, 94 (2d Cir. 1983).

## II. DEFENDANT'S OBJECTIONS

Defendant's objections to Magistrate Judge Fox's R&R do not contest a default entry,[2] but rather oppose Plaintiff's motion for a default judgment by showing good cause for Defendant's failure to timely respond to the Complaint. "[O]pposition to a motion for a default judgment can be treated as a motion to set aside the entry of default despite the absence of a formal Rule 55(c) motion." *Meehan v. Snow,* 652 F.2d 274, 276 (2d. Cir. 1981). The Court will apply the three-factor test described above to determine whether entry of default should be set aside under Rule 55(c).

Defendant's failure to timely respond to the Complaint was not willful. The transcript of the January 29, 2013 court conference suggests that there was a question as to whether Defendant was properly served with the summons and complaint.[3] A U.S. Marshal effectuated service on Defendant by serving an officer at the City Department of Correction ("DOC"). Defendant Lutanji, however, is an employee of Corizon, which is a private healthcare service provider under contract with the DOC. While Latunji did not timely respond, nor follow the

---

[2] Defendant's objections do not contest the fact that Defendant failed to answer the Complaint. The very first argument in Defendant's opposition brief states "Even assuming Defendant Latunji's response to the complaint was untimely, entry of a default is nonetheless unwarranted because there is ample 'good cause' under FRCP 55C." (Def. Opp. Brief at 4.) Defendant's other objections similarly argue reasons that an entry of default should be set aside, not that a default should not be entered.

[3] In denying a request for default, the Court need not (and in this case does not) address the question of whether the defendant was properly served. *See* Pinaud v. County of Suffolk, 52 D.3d 1139, 1152 (2d Cir. 1995).

appropriate procedure, the City's answer on his behalf supports the conclusion that his conduct was not willful. Even if there were a doubt, any such doubt is to be resolved in Defendant's favor. *See Traguth* 710 F.2d at 94. Within a month of the January 29 conference, the City filed an answer on Latunji's behalf. Latunji subsequently filed a motion to dismiss this action that is still pending. Defendant's responsiveness to the action against him militates against a finding of willfulness. *See, e.g., Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir. 1993).

Most importantly, Plaintiff will not be prejudiced by allowing Defendant to proceed with his defense of the action. The course of litigation has not been significantly altered by Defendant's delayed response to the Complaint. There are also no allegations that any evidence was lost between the time Defendant should have responded to the Complaint (assuming service was proper) and the time he actually did respond.

Finally, Defendant appears to have a meritorious defense in this action. Plaintiff's claim against Latunji, in essence, is that Plaintiff turned in his boots, received an unsatisfactory replacement of sneakers, and Latunji failed to take corrective action. It is dubious whether this claim is worth $30,000. It is also dubious whether the failure to provide appropriate footwear for Haywood's short stay while being processed for a parole violation is the kind of conduct that supports a claim of constitutional dimension. Given the "[s]trong public policy favor[ing] resolving disputes on the merits," *American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996), Defendant should be given an opportunity to defend himself in this action.

## CONCLUSION

Based on the foregoing reasons, the Clerk of Court is directed to enter default against Defendant Latunji. But having found that there is good cause to do so, the Court sets aside the entry of default pursuant to Rule 55(c). Plaintiff's motion for a default judgment is therefore

denied.  The Clerk of Court is directed to terminate the motion at Docket Number 31.  The

reference to Magistrate Judge Fox is continued, including consideration and preparation of a

report and  recommendation for Latunji's and Bob Barker's pending motions.


Dated: New York, New York

       January 21, 2014

                                      SO ORDERED

                                        _____

                                        PAUL A. CROTTY
                                        United States District Judge

Copy Mailed By Chambers To:

Keith Haywood
Freedom House 20
367 Howard Avenue
Brooklyn, NY 11233