```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
KEITH HAYWOOD,                                              :
                                                            :
                        Plaintiff,                          :
                                                            :
        -against-                                           :
                                                            :      12 Civ. 6566 (PAC)(KNF)
CITY OF NEW YORK, in its official capacity,                 :
MICHAEL LATUNJI, Medical Admin. for                         :
OBCC New York City Health Services, BOB                     :      ORDER ADOPTING REPORT &
BARKER, CO.,                                                :      RECOMMENDATION
                                                            :
                        Defendants.                         :
                                                            :
------------------------------------------------------------X
```

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* plaintiff Keith Haywood ("Haywood"), presently incarcerated in a New York State correctional facility, complains of his treatment while being processed at Rikers Island in November 2001 for violating his parole. He alleges *Monell* claims against the City of New York (the "City") pursuant to 42 U.S.C. § 1983, based on the City's policies at Rikers of (1) conducting strip searches of inmates in the presence of members of the opposite sex; and (2) "taking [inmates'] shoes and replacing them with cheap sneakers that will literally fall apart" (Compl. ¶ 35). Haywood also alleges § 1983, New York State Constitution, and tort law claims against Defendant Michael Latunji ("Latunji"), all based on Latunji's medical assessment that Haywood's foot condition did not require him to wear orthopedic boots. Finally, Haywood alleges a products liability claim against Defendant Bob Barker, Co. ("Bob Barker") based on injuries he suffered from wearing Bob Barker manufactured shoes.

On May 17, 2013, the City and Latunji moved to dismiss all claims, and Bob Barker

1

moved for judgment on the pleadings. On February 26, 2014, Magistrate Judge Kevin Fox issued a Report and Recommendation ("R&R") recommending (1) denial of the City's motion to dismiss; (2) grant of Latunji's motion to dismiss the constitutional claims, but denial of Latunji's motion to dismiss the state law negligence claim; and (3) denial of Bob Barker's motion for judgment on the pleadings. On March 17, 2014, the City objected that Haywood failed to allege an underlying constitutional violation in his *Monell* claims.[1] Bob Barker objected that (1) the Court should decline to extend supplemental jurisdiction over Haywood's products liability claim, and (2) Haywood failed to allege the shoes were unreasonably dangerous or the proximate cause of his harm. Haywood did not file any objections, or any responses to Defendants' objections.

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c). When timely objections are made, the Court is required to review contested portions of the R&R *de novo*. *Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The Court "may adopt those portions of the [R&R] to which no objections have been made and which are not facially erroneous." *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

Upon *de novo* review of the issues the City raises, the Court holds that Haywood, *pro se*, has alleged, barely but sufficiently, a violation of his constitutional right to privacy based on members of the opposite sex being present during his strip search. The City's objection that Haywood has not submitted "evidence" that the search was intentional, continuous, or lengthy, is unavailing at this stage. This issue, like the others the City raises, is best analyzed after discovery.

---

[1] Neither the City nor Latunji filed objections specific to the negligence claim against Latunji.

Haywood's *Monell* claim based on the alleged City policy of distributing shoddy shoes also survives. Plaintiff is *pro se* and his allegations are to be construed liberally. Haywood alleges the shoes "fall apart" and can inflict severe harm beyond what he himself suffered. Whether the shoes actually inflict harm severe enough to meet the constitutional threshold is a factual question more appropriate for subsequent determination.

Upon *de novo* review of the issues Bob Barker raises, the Court determines that the exercise of supplemental jurisdiction over Haywood's products liability claim is appropriate, since the federal claims survive.[2] Haywood has sufficiently alleged that the shoes were defectively designed, and they caused him pain. As with the City's arguments, the other issues Bob Barker raises are more appropriate for subsequent determination.

There is no objection to the R&R's recommendation for dismissal of the § 1983 claim against Defendant Latunji, and finding no clear error, the Court grants Latunji's motion to dismiss this claim. Because Haywood had an adequate remedy to address his constitutional grievance under § 1983, his state constitutional claim is also dismissed. *See Housing Works, Inc. v. Turner*, 179 F. Supp. 2d 177, 206-08 (S.D.N.Y. 2001), *aff'd* 56 F. App'x 530 (2d Cir. 2003). There is, however, no objection to the R&R's recommendation that the state law negligence claim against Latunji survive. Finding no clear error, the Court adopts this recommendation.[3]

---

[2] Bob Barker's objections indicate concern that Bob Barker is being sued under § 1983. This is not so. Haywood's action against Bob Barker is in tort, for products liability.

[3] Finding no clear error, the Court adopts the R&R's conclusion that the dismissed constitutional claims against Latunji would be futile to replead. Because Haywood's other alleged claims survive Defendants' motions, Haywood need not amend his Complaint.

## CONCLUSION

Upon the Court's *de novo* review of the issues raised in Defendants' objections, the Court adopts Magistrate Judge Fox's R&R in its entirety. The Court therefore denies the City's motion to dismiss Haywood's *Monell* claims. The Court grants Latunji's motion to dismiss Haywood's § 1983 and state constitutional claims, but denies the motion to dismiss the negligence claim. The Court denies Bob Barker's motion for judgment on the pleadings. The Clerk of Court is directed to terminate the motions at Docket Numbers 39 and 42. The reference to Magistrate Judge Fox is continued for further proceedings.

Dated: New York, New York
   March 31, 2014

SO ORDERED

*Paul Crotty*
PAUL A. CROTTY
United States District Judge

Copies mailed to:

Keith Haywood   #90-T-3704
Wende Correctional Facility
2040 Wende Road
Alden, NY  14004-1187